IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BOYD SMITH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:04-CV-591 |
| ) | (JARVIS/GUYTON) |
| FIRST CENTURY BANK, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the undersigned pursuant to the provisions of 28 U.S.C. §636(b), the Rules of this Court, and by Order [Doc. 96, 102, 104] of the Honorable James H. Jarvis, United States District Judge, for disposition of several non-dispositive pretrial motions [Docs. 93, 94, 99, 103]. The Court initially held a hearing on these motions on November 28, 2005. At that time, the parties advised that additional discovery was being provided, and they requested a continuance. The matter was continued until January 25, 2006.

**I.     Defendant First Century Bank's Motion to Compel**

The defendant First Century Bank ("FCB") filed a motion to compel the plaintiffs to provide responses to the defendant's interrogatories and requests for production of documents. [Doc. 93]. At the hearing, counsel for FCB advised that the plaintiffs had provided additional discovery responses and that this motion would be withdrawn. Accordingly, the Court finds that the defendant's Motion to Compel Discovery [Doc. 93] is deemed **WITHDRAWN**.

## II. Plaintiff's Motion for Extension of Time

In response to FCB's motion to compel [Doc. 93], the plaintiffs filed a motion [Doc. 99], seeking an extension of time to provide discovery responses. As FCB has withdrawn its motion to compel, the Plaintiffs' 33(b)(3) Motion for Extension of Time to Provide Responses to Defendant First Century Bank's Interrogatories and Requests for Production of Documents [Doc. 99] is **DENIED AS MOOT**.

## III. Plaintiffs' Motion to Compel

The plaintiffs move to compel the production of various documents and information from FCB [Doc. 94]. For good cause shown, the plaintiffs' Motion to Compel the Production of Documents and Information from Defendant First Century Bank [Doc. 94] is **GRANTED IN PART** and **DENIED IN PART**, to the extent stated as follows:

### A. Plaintiffs' First Request for Production of Documents

In requests nos. 2 and 13 of the plaintiff's first request for production of documents, the plaintiffs seek all documents on which FCB bases its counterclaim. FCB has agreed, and is so **ORDERED** to identify all documents by Bates stamp number which it intends to rely upon in asserting its counterclaim.

### B. Plaintiffs' First Interrogatories and Second Request for Production of Documents

#### 1. Request No. 10

In request no. 10, the plaintiffs seek documents which support paragraph 19 of defendant's answer, which asserts that defendant Connie Dyer signed the names of some bank customers on bank documents. Counsel advised the Court at the hearing that FCB has produced

2

documents responsive to this request, and that FCB understands that it has a continuing obligation to supplement such production in the future should additional relevant documents be discovered.

### 2. Request No. 11

The parties' dispute regarding request no. 11 has been resolved.

### 3. Request Nos. 14 and 15

The plaintiffs' request no. 14 seeks any recorded statements (and copies of transcribed recorded statements) from any person with knowledge relevant to the claims alleged in the Complaint, Answer or Counterclaim. The plaintiffs' request no. 15 seeks documents reflecting transactions in which any plaintiff has allegedly affirmed his or her signature on any document. FCB has agreed, and is hereby **ORDERED**, to identify any documents responsive to these requests, including specifically any notes taken by bank employees regarding statements made by any of the plaintiffs, by Bates stamp number.

### 4. Request No. 16

In request no. 16, the plaintiffs seek the complete loan files of each plaintiff. Counsel advised the Court at the hearing that these files were being produced. Accordingly, the parties' dispute regarding this particular request has been resolved.

## C. Plaintiffs' Third Discovery Requests

### 1. Request No. 1

The plaintiffs' request no. 1 seeks FCB's files and records for each plaintiff. The plaintiffs have agreed to limit their request to 1988, the year that defendant Connie Dyer began working at FCB. While FCB has produced documents responsive to this request dating back to

1998, the defendant opposes the plaintiffs' request for documents dating back to 1988, arguing that it is too broad in scope and poses an undue burden and expense on the defendant.

The Court finds that the plaintiffs have established that they have a good faith basis to believe that the fraudulent acts which serve as the basis for this litigation may have occurred as early as 1988. Accordingly, the plaintiff's motion to compel with respect to this request is **GRANTED**. The Court expects the plaintiffs to narrowly tailor this request as much as possible in order to avoid imposing an undue burden or expense on the defendant.

**2.    Request Nos. 2 and 8**

The parties' disputes regarding plaintiffs' requests nos. 2 and 8 have been resolved.

**3.    Request No. 4**

The plaintiffs seek defendant Deloris Graves' personnel file in request no. 4. FCB agreed to produce the file if defendant Graves did not file a motion for protective order by the time of the hearing. Graves filed a motion for protective order on November 25, 2005. [Doc. 103].

The parties have agreed to meet and confer further on this issue before the Court rules on either the plaintiffs' motion to compel or defendant Graves' motion for protective order. Accordingly, this issue is **RESERVED**, and the Court will address the matter further at a status conference on **March 7, 2006 at 9:30 a.m.**

**4. Request No. 6**

Request no. 6 seeks the account and loan files of the individual defendants Deloris Graves, Connie Dyer, and Sheri Lawson, as well as any loan files of these defendants' immediate family members. FCB objects to producing this information, citing privacy concerns, and further arguing that the request is unlimited in time and thus overly broad, and that the information sought

4

is not relevant to any claim or defense in this action. The plaintiffs argue that this information is relevant to show (1) that the plaintiffs' stolen funds were diverted; (2) that the individual defendants were involved in making loans in violation of FCB's policies; and (3) that FCB had notice of the defendants' fraudulent scheme. The plaintiffs have agreed to limit their request to records dating back to 1988.

The Court will **DEFER** ruling on this issue until the March 7, 2006 status conference in order to allow the parties the opportunity to further meet and confer and to allow them to file with the Court any supporting documentation in support of their respective positions.

### 6. Request No. 10

Finally, the plaintiffs request copies of FCB's financial statements, tax returns, and income and loss documents for the years 2000-2005. The plaintiffs argue that these documents are relevant to their claim for punitive damages. FCB argues that the plaintiffs' request is premature, as information regarding the defendant's financial condition is not discoverable until the plaintiffs can make a showing that the defendant is liable for punitive damages. FCB argues that the plaintiffs have not made such a showing to date.

In this diversity action, the plaintiffs' right to recover punitive damages is governed by Tennessee law and, in particular, the seminal case of Hodges v. S.C. Toof & Company, 833 S.W.2d 896 (Tenn. 1992). In Hodges, the Tennessee Supreme Court held that a court may "award punitive damages only if it finds a defendant has acted either (1) intentionally, (2) fraudulently, (3) maliciously, or (4) recklessly." Id. at 901. In assessing punitive damages, the trier of fact may consider, among other things, "[t]he defendant's financial affairs, financial condition, and net worth." Id.

5

Case 3:04-cv-00591   Document 112   Filed 01/30/06   Page 5 of 6   PageID #: 123

In Tennessee, a plaintiff may discover a defendant's financial condition and, in particular, a defendant's personal assets, liabilities, and financial status, once the plaintiff has established some factual basis for a punitive damage claim. Breault v. Friedli, 610 S.W.2d 134, 140 (Tenn. Ct. App. 1980). Once liability is established, "[o]nly then will a defendant's 'financial affairs' and 'financial condition' be relevant to assess punitive damages." Cook v. Caywood, No. 04-2139-M1V, 2004 WL 3142221, at *2 (W.D. Tenn. Dec. 15, 2004). In Breault, the Tennessee Court of Appeals, adopting the following discovery procedure as set forth in Cobb v. Superior Court for Los Angeles County, 99 Ca. App. 3d 543, 160 Cal. Rptr. 561 (1980), stated as follows:

> [The Cobb Court] proposed that a plaintiff first take discovery on the underlying merits of the case. If it appears from the discovery on the merits that a factual basis for punitive damages exists, then the plaintiff is permitted to discover the defendant's financial condition. The court pointed out that the plaintiff need not prove the case for punitive damages during discovery. The plaintiff is not even required to show that there is a substantial likelihood of recovery. The plaintiff must only show that some factual basis for punitive damages exists.

Breault, 610 S.W.2d at 139.

The Court finds that the plaintiffs have not yet shown a sufficient factual basis for punitive damages in this case. Once the parties have taken more discovery on the underlying merits of the action, and the plaintiffs can set forth some factual basis for their punitive damages claim, the plaintiffs may renew their request for the defendants' financial information.

**IT IS SO ORDERED.**

           **ENTER:**

           s/ H. Bruce Guyton
           United States Magistrate Judge