IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BOYD SMITH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:04-CV-591 |
| | ) | (JARVIS/GUYTON) |
| FIRST CENTURY BANK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the undersigned pursuant to the provisions of 28 U.S.C. §636(b), the Rules of this Court, and by Order [Docs. 96, 104, 123] of the Honorable James H. Jarvis, United States District Judge, for disposition of Plaintiffs' Motion to Compel the Production of Documents and Information from Defendant First Century Bank [Doc. 94]; Defendant Deloris Graves' Motion for a Protective Order [Doc. 103]; and Defendant First Century Bank's Motion for Leave to Serve More Than 25 Interrogatories [Doc. 122]. The Court held a status conference on these motions on March 7, 2006.

For the reasons set forth below, Defendant Deloris Graves' Motion for a Protective Order [Doc. 103] is **DENIED** and Plaintiffs' Motion to Compel the Production of Documents and Information from Defendant First Century Bank [Doc. 94] is **GRANTED IN PART** and **DENIED IN PART**. Defendant First Century Bank's Motion for Leave to Serve More Than 25 Interrogatories [Doc. 122] is **GRANTED**.

## I. Plaintiff's Motion to Compel/Defendant Graves' Motion for Protective Order

### A. Plaintiffs' Request No. 4 – Graves' Personnel File

At the status conference, the parties announced that counsel for the plaintiffs has reviewed the defendant Deloris Graves' personnel file, and that Graves has agreed to produce certain documents from that file. With respect to any credit reports, the parties have agreed that these documents should be produced for attorney's eyes only and not delivered to the plaintiffs themselves. The plaintiffs' attorney shall be permitted to show the credit reports to experts and to use the reports as exhibits to motions or in depositions, as long as the reports are placed under seal.

As the parties have resolved their discovery dispute regarding Graves' personnel file, Defendant Deloris Graves' Motion for a Protective Order [Doc. 103] with respect to this request is moot and is therefore **DENIED AS MOOT**. Furthermore, the plaintiffs' Motion to Compel the production of Graves' personnel file [Doc. 94] is **DENIED AS MOOT**.

### B. Plaintiffs' Request No. 6 – Account and Loan Records

The parties have been unable to reach an agreement with respect to No. 6 in the Plaintiffs' Third Discovery Requests to Defendant First Century Bank, which states as follows:

> Produce the complete files of the Bank for accounts and loans of Connie Dyer, her (former) husband Gregory Dyer, Connie Dyer's parents Edward and Danna Smith, Deloris Graves, Sheri Lawson, Karen Williams, and any other immediate family members of Connie Dyer, Deloris Graves, Sheri Lawson, and Karen Williams.

[Doc. 95 Ex. E]. Defendant First Century Bank objects to producing this information, arguing that the plaintiffs are engaging in a fishing expedition and that the documents are not relevant to any claim or defense in this action. Defendant Graves also objects [Doc. 103] to the production of her account and loan files, as well as the files of her immediate family members, on the grounds that the

request seeks confidential information; that it is unduly invasive; that the family members have not been notified of this request, nor have they authorized the release of their records; and that the request is overbroad.

In response, the plaintiffs argue that these documents are necessary in order for the plaintiffs to show (1) that a conspiracy to defraud existed between the individual defendants; (2) that the defendants had a motive and the opportunity to steal funds; and (3) that the Bank had or should have had notice of these fraudulent transactions. In essence, the plaintiffs contend that this discovery is necessary in order to show where the plaintiffs' stolen funds were diverted. The plaintiffs have agreed to limit their request to records from 1988 to the present. Finally, the plaintiffs note that a protective order is already in place.

The parties to a civil action "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). The Rule further provides that information that is relevant "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. The Court finds that the plaintiffs' discovery request appears reasonably calculated to lead to the discovery of admissible evidence. The Court further finds that the defendants' stated privacy concerns are adequately protected by the protective order that has already been entered in this case. Accordingly, the Plaintiff's Motion to Compel [Doc. 94] a response to Request No. 6 is **GRANTED**. Defendant Deloris Graves' Motion for Protective Order [Doc. 103] with respect to this issue is **DENIED**. The defendants shall produce the requested information on or before **April 7, 2006**.

3

**II. Defendant's Motion for Leave to Serve More Than 25 Interrogatories**

The defendant First Century Bank moves the Court for leave to serve the plaintiffs with more than 25 interrogatories. [Doc. 122]. Counsel for the plaintiffs stated at the status conference that the plaintiffs do not oppose the defendant's motion.

Accordingly, for good cause shown, Defendant First Century Bank's Motion for Leave to Serve More Than 25 Interrogatories [Doc. 122] is **GRANTED**. First Century Bank shall have leave to serve on the plaintiffs up to fifty (50) interrogatories.

**IT IS SO ORDERED.**

                                  **ENTER:**

                                  s/ H. Bruce Guyton
                                United States Magistrate Judge