IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BOYD SMITH, NANCY SMITH, JOEY SMITH, JEFFREY SMITH, JILL SMITH, BESSIE HACKNEY, WILLIAM GRAY, PEGGY GRAY, GREGORY HOUSTON, ERNEST J. NICELY, and PATRICIA NICELY, | ) | |
| Plaintiffs | ) | |
| v. | ) | No. 3:04-cv-591 |
| FIRST CENTURY BANK, CONNIE DYER, SHERI LAWSON, and DELORIS GRAVES, | ) | |
| Defendants | ) | |
| and | | |
| FIRST CENTURY BANK, | ) | |
| Counter-Plaintiff | ) | |
| v. | ) | |
| BOYD SMITH, NANCY SMITH, JOEY SMITH, JEFFREY SMITH, ERNEST NICELY and PATRICIA NICELY, | ) | |
| Counter-Defendants | ) | |

## MEMORANDUM AND ORDER

This action was filed as the result of allegedly fraudulent activity by defendant First Century Bank (FCB) and four of its current or former employees, defendants Connie Dyer, Sheri Lawson, Karen Williams, and Deloris Graves.[1] Very generally, plaintiffs allege that these defendants, without permission, used plaintiffs' identities and/or financial information to issue loans, obtain credit, transfer funds, transfer property interests, and undertook other financial transactions during the period from January 1, 1998, to the present. This action seeks compensatory, punitive and statutory damages, as well as injunctive and equitable relief, pursuant to federal and state law as follows:

> 1. Violation of the Racketeer Influenced and Corrupt Organizations Act (civil RICO), 18 U.S.C. §§ 1961, *et seq.* (Count I);
>
> 2. Violation of the federal Consumer Credit Protection Act, 15 U.S.C. § 1681s-2 (Count II);
>
> 3. Violation of federal statutes and regulations for protection of confidentiality of consumer information (Count III);
>
> 4. Violation of the Tennessee Identity Theft Deterrence Act of 1999, T.C.A. §§ 47-18-2101, *et seq.* (Count IV);

---

[1]Defendant Karen Williams was dismissed by memorandum opinion and order filed on July 6, 2005 [*see* Docs. 42 and 43].

5. Violation of the Tennessee Consumer Protection Act (TCPA), Tennessee Code Annotated §§ 47-18-101, *et seq.* (Count V);

6. Violation of the Tennessee Financial Records Privacy Act, Tennessee Code Annotated §§ 45-10-101, *et seq.* (Count VI);

7. Breach of fiduciary duty (Count VII);

8. Conversion (Count VIII); and

9. Negligence (Count IX).[2]

This matter is presently set for argument on all pending motions on July 31, 2006. As the record reflects, all of these motions were previously set for argument on May 1, 2006,[3] and again on June 6, 2006.[4] As the parties are aware, the first scheduled hearing was continued because of its conflict with the trial of a criminal case, and the second hearing was continued because of an accident involving the undersigned the evening before that hearing. Nevertheless, in preparing for these previous two hearings, the court has now had ample opportunity to consider the outstanding briefs filed by counsel of record with respect to all of the pending motions. As a result of that review, the court is now prepared to adjudicate

---

[2] Count X seeks equitable relief only and therefore does not allege a particular cause of action.

[3] *See* e-notice dated February 10, 2006.

[4] *See* e-notice dated April 19, 2006.

some of those pending motions so that the time spent during argument next week can be used to address the more problematic issues.

I.

*Motions to Amend*

Among the pending motions are the motion to amend the complaint filed by all of the Smiths, Bessie Hackney, William and Peggy Gray, and Gregory Houston [Doc. 63], as supplemented [Doc. 128], as well as the motion to amend/revise the complaint filed by Ernest and Patricia Nicely [Doc. 126]. The issues raised by plaintiffs' motions to amend have been fully briefed by all the parties [*see* Docs. 64, 76, 78, 80, 127, 134, 135, 140, and 143]. After carefully reviewing all of these briefs, the court is of the opinion that plaintiffs' motions must be granted. Nevertheless, the court will make a couple of observations before doing so.

First, as a general proposition, Fed. R. Civ. P. 15(a) requires a court to grant leave "freely" to parties seeking to amend pleadings. Furthermore, as a general proposition, this court is mindful that the Sixth Circuit frowns on the denial of this type of motion. In fact, this court has been reversed on at least two occasions in reported decisions for refusing to allow an amendment. *See Int'l. Bhd. of Teamsters, Local 519, v. U.P.S.,* 335 F.3d 497, 504-05 (6th Cir. 2003) (case

remanded to district court, *inter alia*, to consider other grounds for denying Local 519's motion to amend its complaint, such as undue delay or undue prejudice to UPS); *Black v. Ryder/P.I.E. Nationwide, Inc.*, 930 F.2d 505, 509-10 (6th Cir. 1991) (holding, *inter alia*, that district court should have allowed amendment, even though the case was four years old, even though plaintiff had already amended, even though the proposed amendment was two months before a non-jury trial, and even though the amendment would have converted the non-jury trial to a jury trial). On the other hand, this court is not aware of any instance in which it has been reversed by the Sixth Circuit for allowing an amendment prior to trial.

Second, and more importantly, the motions to amend in this particular case are well taken. Much of the present posture of this case relates to the memorandum opinion [Doc. 42] and order [Doc. 43] filed on July 6, 2005, which dismissed defendant Karen Williams from this case. In that memorandum opinion, the court pointed out a number of reasons why the allegations of the original complaint did not state a cause of action against that defendant, especially as it relates to the civil RICO causes of action. In response to that opinion and in light of the voluminous amount of discovery which has now occurred, plaintiffs seek to amend their complaint by addressing the deficiencies previously pointed out to them by this court as they relate to civil RICO and by fleshing out many of the general allegations previously made. A review of the original complaint reflects that it is 23

5

pages in length [*see* Doc. 1]; the proposed amended complaint (by all plaintiffs except for the Nicelys) is 49 pages in length [*see* Doc. 63-2]; and the supplement to that motion is another 39 pages in length. Thus, plaintiffs' proposed amendment more than triples the length of the original complaint. More significantly, the amendments seek to provide greater detail about the various forgeries and other illegal transactions which were allegedly committed by all defendants, especially in the context of a civil RICO action.

Accordingly, the motions to amend, as supplemented, will be granted.

II.

*Motions to Dismiss by Individual Defendants*

Also pending before the court are motions to dismiss filed by the three remaining individual defendants, Sheri Lawson [*see* Doc. 51], Connie Dyer [*see* Doc. 61], and Deloris Graves [*see* Doc. 113]. The court has reviewed all of the extensive briefs regarding the issues raised by these defendants [*see* Docs. 52, 58, 61, 71, 79, 113, and 129]. The court's review of these motions and briefs indicates that these three individuals are trying to benefit by closely aligning themselves with the position of the dismissed defendant Karen Williams. However, that maneuver will not work for these defendants. Defendant Williams served merely as a loan processor for

6

FCB. According to the original complaint, defendant Williams was a notary public and improperly used her seal to authenticate the forged signatures of plaintiffs William and Peggy Gray on real estate documents transferring the real property interests of those plaintiffs to FCB, perhaps on only one occasion. In stark contrast to that defendant, all three of the remaining individual defendants are much more culpable because of their positions with FCB, even according to the allegations of the original complaint. When the allegations of the fully amended complaint are considered, these defendants are alleged to be involved in numerous instances of bank fraud in matters which appear to be totally under their control.

Furthermore, defendant Connie Dyer entered a plea of guilty on April 19, 2006, before the Honorable Thomas A. Varlan, United States District Judge, to an information charging her with bank fraud arising out of these same facts and circumstances [*see* Docs. 6 and 7 in 3:06-cr-45]. Judge Varlan sentenced defendant Dyer to a term of imprisonment of 41 months on July 18, 2006 [*see* Doc. 12 in 3:06-cr-45]. For that reason alone, defendant Dyer's motion to dismiss is totally without merit.

Accordingly, all of the motions to dismiss filed by the individual defendants will be denied.

## III.

### *Conclusion*

For the reasons foregoing, it is hereby ORDERED as follows:

(1) The motion to amend the complaint filed by all of the Smiths, Bessie Hackney, William and Peggy Gray, and Gregory Houston [Doc. 63], as supplemented [Doc. 128] is hereby GRANTED;

(2) The motion to amend/revise complaint filed by Ernest and Patricia Nicely [Doc. 126] is GRANTED;

(3) The motion to dismiss filed by defendant Sheri Lawson [Doc. 51] is DENIED;

(4) The motion to dismiss filed by defendant Connie Dyer [Doc. 61] is DENIED; and

(5) The motion to dismiss filed by defendant Deloris Graves [Doc. 113] is DENIED.

Consequently, the court will hear arguments on the motion to dismiss filed by FCB [Doc. 56] and the motion for summary judgment filed by Deloris Graves [Doc. 145] on July 31, 2006, at 10:00 a.m.

**E N T E R :**

　　　　　　　　　　　　　　　　*s/ James H. Jarvis*
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE