UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BOYD SMITH, NANCY SMITH, | ) | |
| JOEY SMITH, JEFFREY SMITH, | ) | |
| JILL SMITH, BESSIE HACKNEY, | ) | |
| WILLIAM GRAY, PEGGY GRAY, | ) | |
| and GREGORY HOUSTON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:04-CV-591 |
| | ) | (JARVIS/GUYTON) |
| FIRST CENTURY BANK, | ) | |
| CONNIE DYER, SHERI LAWSON, | ) | |
| and DELORIS GRAVES, | ) | |
| | ) | |
| Defendants. | ) | *Consolidated* |

| | | |
|---|---|---|
| ERNEST NICELY and | ) | |
| PATRICIA NICELY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:05-CV-175 |
| | ) | |
| FIRST CENTURY BANK, | ) | |
| CONNIE DYER, SHERI LAWSON, | ) | |
| and DELORIS GRAVES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the undersigned pursuant to the provisions of 28 U.S.C. §636(b), the Rules of this Court, and by Order [Docs. 195 and 208] of the Honorable James H. Jarvis, United States District Judge, for disposition of motions to compel filed by both parties [Docs. 194 and 196]. The Court held a hearing on these motions on September 14, 2006. Participating on behalf of

Plaintiffs was attorney Adrienne L. Anderson. Participating on behalf of Defendants were attorneys M. Edward Owens, Jr., Christopher W. Conner, Kevin Fox, and Dale J. Montpelier.

I. **Plaintiffs' Motion to Compel Testimony of Witnesses Who Were Instructed not to Answer Deposition Questions and to Compel Production of Documents**

Plaintiffs filed a Motion to Compel the testimony of certain witnesses and the production of certain documents. [Doc. 196]. Each item in Plaintiffs' motion will be addressed in turn.

    a.    Testimony of Connie Dyer concerning conversations between Ms. Dyer, counsel for First Century, and counsel for Deloris Graves

Plaintiffs' Motion to Compel [Doc. 196] is **DENIED** with respect to the testimony of Connie Dyer concerning conversations between Ms. Dyer, counsel for First Century, and counsel of Deloris Graves. The Court finds that, for the purposes of the one conversation between Defendants and their counsel, Ms. Dyer, First Century, and Deloris Graves shared a common legal interest, and therefore the conversation between Ms. Dyer, counsel for First Century, and counsel of Deloris Graves are protected by the common interest privilege and are not subject to discovery. See Reed v. Baxter, 134 F.3d 351, 357 (6th Cir. 1998).

    b.    Testimony of Ms. Dyer concerning her conversations with the FBI

Plaintiffs' Motion to Compel [Doc. 196] is **GRANTED** with respect to the testimony of Ms. Dyer concerning her conversations with the FBI. The Court finds that this testimony is relevant and discoverable under Fed. R. Civ. Pro. 26(b)(1); Defendant has not raised any privilege which would protect this testimony, and Defendant's instruction that Ms. Dyer not answer questions concerning her conversations with the FBI was improper.

c. Testimony of Joyce Love concerning her conversations with the Tennessee State Banking Commission

In light of Defendant's claim that they will make Ms. Love available to answer questions regarding the Tennessee State Banking Commission, Plaintiffs' Motion to Compel [Doc. 196] is **GRANTED** with respect to the testimony of Joyce Love concerning her conversations with the Tennessee State Banking Commission.

d. Testimony of Joyce Love concerning her conversations with the FDIC

In light of Defendant's claim that they will make Ms. Love available to answer questions regarding the FDIC, Plaintiffs' Motion to Compel [Doc. 196] is **GRANTED** with respect to the testimony of Joyce Love concerning her conversations with the FDIC.

e. Testimony of Tom Mottern regarding why Gary Rowe no longer works for the bank

Plaintiffs' Motion to Compel [Doc. 196] is **GRANTED** with respect to the testimony of Tom Mottern regarding why Gary Rowe no longer works for the bank. The Court finds that testimony is relevant and discoverable under Fed. R. Civ. Pro. 26(b)(1); Defendant has not raised any privilege which would protect this testimony, and Defendant's instruction that Mr. Mottern not answer questions concerning why Mr. Rowe left the bank was improper.

f. Production of Ms. Love's notes taken during her first meeting with Connie Dyer in August of 2004.

In light of Defendant's claim that they will make Ms. Love's notes available, Plaintiffs' Motion to Compel [Doc. 196] is **GRANTED** with respect to the production of Ms. Love's notes taken during her first meeting with Connie Dyer in August of 2004.

g. Production of Ms. Love's notes taken during her second meeting with Connie Dyer in August of 2004.

In light of Defendant's claim that they will make Ms. Love's notes available, Plaintiffs' Motion to Compel [Doc. 196] is **GRANTED** with respect to the production of Ms. Love's notes taken during her second meeting with Connie Dyer in August of 2004.

h. Production of Ms. Love's notes taken during her discussions with bank employee Marla Buckner in August of 2004.

Defendant has indicated that the only notes that exist concerning Ms. Love's conversation with Ms. Buckner were created at the behest of counsel in preparation for litigation, and are therefore protected as work-product. Because Plaintiffs have not made the showing required under Fed. R. Civ. P. 26(b)(3) for discovery of work-product, Plaintiffs' Motion to Compel [Doc. 196] is **DENIED** with respect to production of Ms. Love's notes taken during her discussions with Ms. Buckner in August of 2004.

## II. Defendant First Century Bank's Motion to Compel Discovery

Defendant First Century Bank filed a Motion to Compel Discovery. [Doc. 194]. Each item in Defendant's motion will be addressed in turn.

a. A complete description of First Century Bank's alleged wrongful acts

In light of Plaintiffs' amended complaint [Doc. 193], Defendant's Motion to Compel [Doc. 194] is **DENIED** with respect to Defendant's request that Plaintiffs provide a complete description of First Century Bank's alleged wrongful acts. The description of the alleged wrongful acts provided in the amended complaint satisfies the demands of the Federal Rules of Civil Procedure.

4

b. The actual monetary value of Plaintiffs' damages

Plaintiffs have indicated that they are without personal knowledge as to the specific monetary value of their damages, and that they will be provide a complete disclosure of the actual monetary value of their damages with their expert disclosures. Therefore, Defendant's Motion to Compel [Doc. 194] is **DENIED** with respect to Defendant's request that Plaintiffs provide the actual monetary value of Plaintiffs' damages. However, if Plaintiffs' expert disclosures do not include a listing of Plaintiffs' actual monetary damages, Defendant may renew this motion at that time.

**IT IS SO ORDERED.**

ENTER:

<u>s/ H. Bruce Guyton</u>
United States Magistrate Judge