IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BOYD SMITH, NANCY SMITH, JOEY SMITH, JEFFREY SMITH, JILL SMITH, BESSIE HACKNEY, WILLIAM GRAY, PEGGY GRAY, GREGORY HOUSTON, ERNEST J. NICELY, and PATRICIA NICELY, | ) ) ) ) ) ) | |
| Plaintiffs | ) | |
| v. | ) | No. 3:04-cv-591 |
| FIRST CENTURY BANK, | ) | |
| Defendant | ) | |
| and | ) | |
| FIRST CENTURY BANK, | ) | |
| Counter-Plaintiff | ) | |
| v. | ) ) | |
| BOYD SMITH, NANCY SMITH, JOEY SMITH, JEFFREY SMITH, ERNEST NICELY and PATRICIA NICELY, | ) ) ) | |
| Counter-Defendants | ) | |

**MEMORANDUM OPINION**

This matter is presently before the court on the motion to dismiss filed by defendant First Century Bank (FCB) [Doc. 56] with respect to the following two causes of action brought by plaintiffs:[1]

    (1) Violation of the federal Consumer Credit Protection Act, 15 U.S.C. § 1681s-2 (Counts II); and

    (2) Violation of federal statutes and regulations to protect the confidentiality of consumer information [Counts III).

The issues raised have been well briefed by the parties [*see* Docs. 57, 73, and 77], and oral argument was heard on July 31, 2006 [*see* Doc. 184].[2] For the reasons that follow, FCB's motion to dismiss will be granted, whereby Counts II and III of the [corrected] consolidated amended complaints (amended complaints) will be dismissed.[3]

---

[1]FCB's motion also addressed plaintiffs' cause of action for violation of the Racketeer Influenced and Corrupt Organizations Act (civil RICO), 18 U.S.C. §§ 1961, *et seq.*, set forth in Counts I; however, that prong of FCB's motion was rendered moot when this court granted FCB's motion for partial summary judgment regarding Count I on March 29, 2007 [*see* Docs. 268-69].

[2]The court recognizes that FCB's motion to dismiss was filed with respect to the original complaint which has now been amended [*see* Doc. 193. However, as pointed out in plaintiffs' reply brief in support of their motion to amend the complaint, the proposed amendments to the original complaint did not involve amendments to the causes of action set forth in Counts II or III [*see* Doc. 80, p.12]. Thus, this motion is still ripe for adjudication in the context of the [corrected] consolidated amended complaints.

[3]Counts II and III of the amended complaints state a cause of action against defendant FCB only.

I.

*Motion to Dismiss Pursuant to Rule 12(b)(6)*

FCB contends that Counts II and III of the amended complaints should be dismissed against it pursuant to Fed. R. Civ. P. 12(b)(6). Technically, a Rule 12(b)(6) motion does not attack the merits of the case -- it merely challenges the pleader's failure to state a claim properly. 5 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure*, § 1364 at 340 (Supp. 1987). In deciding a Rule 12(b)(6) motion, the court must determine whether the complaint sets forth sufficient allegations to establish a claim for relief. In conducting its review, the court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Powell v. Jacor Communications Corporate*, 320 F.3d 599, 601-02 (6th Cir. 2003) (quoting *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001)).

The complaint must in essence set forth enough information to outline the elements of a claim or to permit inferences to be drawn that these elements exist. *Jenkins v. McKeithen*, 395 U.S. 411 (1969). Conclusory allegations are not acceptable, however, where no facts are alleged to support the conclusion or where the allegations are contradicted by the facts themselves. *Vermilion Foam Products*

*Co. v. General Electric Co.*, 386 F. Supp. 255 (E.D. Mich. 1974).  The court cannot dismiss plaintiff's complaint unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

II.

### *Violations of the Federal Consumer Credit Protection Act*

Paragraphs 50 through 56 of the amended complaint filed by plaintiffs Boyd Smith, Nancy Smith, Joey Smith, Jeffrey Smith, Jill Smith, Bessie Hackney, William Gray, Peggy Gray, and Gregory Houston (the Smith complaint) and Paragraphs 38 through 43 of the amended complaint filed by plaintiffs Ernest and Patricia Nicely (the Nicely complaint) allege that FCB violated 15 U.S.C. § 1681s-2 by continuing to provide negative information concerning plaintiffs to consumer reporting agencies after receiving notice that the information was inaccurate.  More specifically, plaintiffs allege that FCB "received information from Plaintiffs and from other sources from which it knew or had reasonable cause to believe that negative information that it provided about Plaintiffs to consumer reporting agencies was inaccurate" [Smith complaint, ¶ 51;  Nicely complaint, ¶ 39], and that FCB continued to report such inaccurate information without first determining whether it was correct

4

and without notifying the reporting agencies that it was incorrect [Smith complaint, ¶¶ 53-54; Nicely complaint, ¶¶ 40-41].

15 U.S.C. § 1681s-2 imposes two separate sets of duties upon furnishers of information to consumer credit reporting agencies. Section 1681s-2(a) imposes a duty to provide accurate information; section 1681s-2(b) imposes a duty to undertake an investigation upon receipt of notice from a credit reporting agency that a consumer is disputing the credit information that the furnisher has provided. It must be noted that subsections (c) and (d) limit the remedies available for violations of subsection (a). In particular, subsection (c) eliminates the availability of direct remedies to consumers by making §§ 1681n and 1681o inapplicable to violations of subsection (a).[4] Subsection (d) provides that the requirements imposed by subsection (a) are only enforceable by government officials.[5]

---

[4]15 U.S.C. § 1681s-2(c) states:
> Sections 1681n and 1681o of this title do not apply to any failure to comply with subsection (a) of this section, except as provided in section 1681s(c)(1)(B) of this title.

Section 1681s-2(c)(1)(B) delineates the remedies available to suits brought by state officers, as opposed to private consumers, for negligent or willful violations of section 1681s-2.

[5]15 U.S.C. § 1681s-2(d) states:
> Subsection (a) of this section shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials and the State officials identified in that section.

5

Thus, no private right of action exists for a violation of 1681s-2(a). *See Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002); *Carney v. Experian Information Solutions, Inc.*, 57 F.Supp.2d 496, 502 (W.D. Tenn. 1999). Plaintiffs, in fact, virtually concede that point in their reply brief [*see* Doc. 73, p.29]. Consequently, to the extent that plaintiffs have filed a cause of action under 15 U.S.C. § 1681s-2(a), defendant's motion must be granted and this cause of action dismissed.

The law is not so well settled, however, as to whether a consumer has a private cause of action under 15 U.S.C. § 1681s-2(b), which imposes on FCB a duty to undertake an investigation upon receipt of notice from a credit reporting agency that a consumer is disputing credit information that FCB provided. Nevertheless, it will not be necessary for the court to decide whether a private cause of action exists under that subsection because plaintiffs' amended complaint nowhere alleges that FCB received any such notice from a credit reporting agency. Nor do plaintiffs allege that they gave the credit reporting agencies notice of any dispute, which notice is a vital requirement for imposition of liability under the statute. 15 U.S.C. § 1681s-2(b); § 1681i(a)(1) and (2). Plaintiffs have therefore failed to

properly state a claim under that subsection of the statute. Accordingly, Counts II of the amended complaints will be dismissed.[6]

III.

*Violation of Federal Statutes and Regulations for*
*Protection of Confidentiality of Consumer Information*

In Counts III of the amended complaints, plaintiffs allege pursuant to 15 U.S.C. § 6801, *et seq.*, the Gramm-Leach-Bliley Act (GLBA), that FCB had "an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' non-public personal information." [*See* Doc. 193, pp. 93 and 142]. Plaintiffs further allege that pursuant to the regulations promulgated under the GLBA, FCB had a duty to detect or report suspicious activity, including insider abuse and criminal activity, and had a duty to develop programs to insure the security and confidentiality of customer information and to protect against the unauthorized use of such information [*see id.*, pp.93-95

---

[6]In their brief in opposition to FCB's motion to dismiss, plaintiffs' "request that the Court either stay proceedings on this aspect of the Bank's Motion to Dismiss until Plaintiffs have had an opportunity to conduct additional discovery or allow Plaintiffs to voluntarily dismiss their claims under the Fair Credit Reporting Act, without prejudice, subject to re-filing those claims when Plaintiffs have collected the specific information concerning notice from credit reporting agencies to the Bank of the disputed information." [*See* Doc. 73, p.30-31]. Given the fact that FCB's motion has now been pending for more than a year and a half, and given the further fact that plaintiffs have conducted virtually unlimited discovery in the meantime, the court sees no compelling reason to stay ruling on this prong of FCB's motion nor to dismiss this cause of action without prejudice.

and 142-43]. Consequently, plaintiffs' claim that FCB ignored these statutory duties by failing: (1) to implement and follow the security procedures; (2) to protect the confidentiality of customer information; (3) to guard against the misuse of that information; and (4) to detect, report, and stop suspicious activities of employees [*see id.*, pp. 94 and 143].

In support of its motion to dismiss Counts III of the amended complaints, FCB argues that plaintiffs have no private right of action under the GLBA. In particular, FCB relies on *Menton v. Experian Corp.*, 2003 U.S. Dist. LEXIS 12457 (S.D. N.Y. 2003), an unreported decision of the United States District Court for the Southern District of New York, which concluded that the GLBA does not provide for a private right of action, pointing to the unambiguous language of 15 U.S.C. § 6805(a) itself ("this subchapter and the regulations proscribed thereunder shall be enforced by the Federal functional regulators, the State insurance authorities, and the Federal Trade Commission with respect to the financial institutions and other persons subject to their jurisdiction ... ."). FCB also relies on another unreported decision, *Briggs v. Emporia State Bank*, 2005 U.S. Dist. LEXUS 17883 (D. Can. 2005), to further buttress its position that there is no private right of action under the GLBA. This court finds the following language in the *Briggs* decision quite persuasive:

. . . The GLBA does not expressly provide for a private right of action to enforce financial institutions' privacy obligations. Consequently, if a private right of action exists, it must be implied.

. . .

Only Congress can create private rights of action to enforce federal law. *Alexander v. Sandoval*, 532 U.S. 275, 286 ... (2001). Thus, whether a private right of action exists depends on whether the statute demonstrates that Congress intended to create one. *Id.* For an implied private right of action to exist, a statute must manifest Congress's intent to create (1) a personal right, and (2) a private remedy. *Id.* "Statutory intent on this latter point is determinative." *Id.* The court begins its search for Congress's intent with the text and structure of the statute, and can end its inquiry there if further clarification is unnecessary. *Id.* at 288.

Here, the GLBA reveals no congressional intent to imply a private right of action. The provision of the GLBA entitled "Enforcement" specifically states that federal and state regulators are responsible for enforcing the GLBA. *See* 15 U.S.C. § 6805(a) ("This subchapter and the regulations proscribed thereunder shall be enforced by the Federal functional regulators, the State insurance authorities, and the Federal Trade Commission with respect to the financial institutions and other persons subject to their jurisdiction. ..."). The fact that Congress expressly provided for one method of enforcing the GLBA suggests that Congress tended to preclude others. *Sandoval*, 532 U.S. at 290. The court has reviewed the statutory text and structure of the GLBA and cannot envision any colorable argument that Congress intended to create a private remedy under this statute. In fact, it appears that Congress intended for this regulatory scheme to be the exclusive method for enforcing the statute and plaintiffs have not directed the court's attention to any statutory language or structure to the contrary. Instead, plaintiffs argue that providing a private right of action would further the underlying purposes of the

9

> GLBA. While this argument might have some intuitive appeal, absent anything in the statute revealing that Congress intended to create a private remedy "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Id.* at 286-87. Thus, the court concludes that an implied private right of action does not exist to enforce the GLBA's privacy provision.
>
> . . .

*Briggs,* slip op. at [*7]-[*9].

"[I]mplying a private right of action on the basis of congressional silence is a hazardous enterprise, at best." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 571 (1979) (citing *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 64 (1978)). As the Sixth Circuit has observed, Supreme Court decisions in recent years require a clear expression of congressional intent to create a private right of action:

> Congressional intent is the touchstone of whether private enforcement of a statute is permitted. Since the late 1970s, Congress has been on notice that, if it intends to create a private right of action, it had better do so expressly in the statute. ... The Supreme Court has been increasingly reluctant to find an implied cause of action where Congress had the opportunity to create a private right explicitly but did not do so.

*Cline v. Rogers*, 87 F.3d 176, 182 (6th Cir.), *cert. denied*, 519 U.S. 1008 (1996) (citations omitted).

Based on the above authorities, the court readily concludes that there is no private right of action under the GLBA. Consequently, Counts III of the amended complaints fail to state a claim upon which relief may be granted to any of these plaintiffs.

IV.

*** The State Law Counts of the Amended Complaints ***

Having now granted summary judgment as to Counts I of the amended complaints and having now dismissed Counts II and III of the amended complaints, the only remaining federal cause of action is one for violation of the federal Consumer Credit Protection Act, 15 U.S.C. § 1601, *et seq.*, and the Truth in Lending Regulations promulgated thereunder, 12 C.F.R. § 226.1, *et seq.*, set forth in Count XI. Those allegations, however, are brought by only four of the plaintiffs, William and Peggy Sue Gray, Gregory Houston, and Patricia Nicely, against FCB [*see* Doc. 193, pp.103-04]. Moreover, all of the individual defendants have now been dismissed from this litigation. Very little in the way of a purely federal question remains in this lawsuit.[7] The substantial portion of this lawsuit against the individual defendants, which has already been dismissed without prejudice, should be heard in conjunction

---

[7]Given the vigorous resistance by FCB (as well as the other individual defendants) to plaintiffs' motion to amend, as supplemented, regarding this remaining federal cause of action, the court anticipates a motion to dismiss as to this cause of action by FCB.

with the corresponding and substantial state law causes of action now pending against FCB. And all of these causes of action should be heard together.

Because this court has dismissed all of plaintiffs' causes of action against the individual defendants and because only one federal cause of action by four plaintiffs remains against defendant FCB, this court will decline to exercise supplemental jurisdiction over plaintiffs' remaining state law claims against defendant FCB, nor will it entertain supplemental jurisdiction over FCB's state law claims against the counter-defendants. *See* 28 U.S.C. § 1367(c)(3). *See also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Again, the bulk of this case now needs to be adjudicated in state court.

Order accordingly.

      *s/ James H. Jarvis*
UNITED STATES DISTRICT JUDGE