UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WILLIAM GRAY, PEGGY GRAY, ) <br> GREGORY HOUSTON, and ) <br> PATRICIA NICELY, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FIRST CENTURY BANK, ) <br> ) <br>     Defendant. ) <br> ) | No.: 3:04-CV-591 <br>     (VARLAN/GUYTON) |
| PATRICIA NICELY, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FIRST CENTURY BANK, ) <br> ) <br>     Defendant. ) <br> ) | No.: 3:05-CV-175 <br>     (VARLAN/GUYTON) |

**ORDER**

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 49] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of Plaintiffs' Motion for Modification of Protective Order. [Doc. 302] The plaintiffs move the Court to amend the Protective Order [Doc. 37] previously entered in this case to allow the plaintiffs to retain all discovery obtained in the instant federal actions and to use that discovery in related litigation pending before the Circuit Court for Union County, Tennessee in Case No. 2622. As grounds, the plaintiffs state that it would be a waste of resources to force the plaintiffs to return

all of the 20,000 plus documents obtained during discovery and to retake the twenty-seven plus depositions taken during the course of the federal litigation.

Defendants First Century Bank [Doc. 304], Deloris Graves [Doc. 305], and Sheri Lawson [Doc. 306] oppose the motion, arguing that the Protective Order states that:

> Persons obtaining access to confidential information or stamped confidential documents under this order shall use the information and documents only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information and documents for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

[Doc. 37 at ¶ 10] The Protective Order further indicates that any documents obtained pursuant to the Order must be returned to the party that produced the documents within 120 days of the completion of the instant litigation. [Id. at ¶ 11] The defendants further contend that the admissibility of evidence in the state litigation should be left to the state court to decide.

The Court agrees that it would be inappropriate for this Court to rule on the admissibility of evidence in a civil action before another court. However, the Court agrees with the plaintiffs that it would be a waste of resources for the plaintiffs to return all discovery in this matter and then be forced to discover the same materials all over again. Accordingly, the Court finds the plaintiffs' motion [Doc. 302] to be well-taken, the same is hereby **GRANTED**, and the Protective Order in this matter is amended as follows:

1. The parties may retain all discovery obtained pursuant to the instant federal actions and subject to the federal Protective Order until such time as the Circuit Court for Union County has had a chance to rule on the admissibility of that evidence in Case No. 2622.

2. The parties may retain and use any evidence ruled admissible by the Circuit Court for Union County throughout the pendency of the state action, subject to an appropriate protective order to be entered in that case.

3. Any evidence obtained pursuant to the Protective Order in the federal litigation and ruled by the Circuit Court for Union County to be inadmissible in the state litigation shall remain subject to the Protective Order in the federal litigation. If the federal litigation remains pending at the time of the Circuit Court for Union County's finding of inadmissibility, then all such documents and information shall be returned to the appropriate parties at the appropriate time as required by the federal Protective Order. Should the federal litigation have already been resolved at the time of the state court's finding of inadmissibility, all such inadmissible documents and information shall be returned to the producing party within sixty (60) days of the state court's finding of inadmissibility.

4. Regardless of admissibility, all documents subject to the Protective Order in the instant federal actions shall be returned to the producing party no later than 120 days after the completion of the latter of the instant federal litigation and the related state court litigation in the Circuit Court for Union County in Case No. 2622.

**IT IS SO ORDERED.**

ENTER:

　　　s/ H. Bruce Guyton　　　
United States Magistrate Judge