UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| WILLIAM GRAY, PEGGY GRAY, GREGORY HOUSTON, and PATRICIA NICELY, | ) ) ) ) | | |
| Plaintiffs, | ) ) | | |
| v. | ) ) | No.: | 3:04-CV-591 3:05-CV-175 |
| FIRST CENTURY BANK, | ) ) | | (VARLAN/GUYTON) |
| Defendant. | ) | | |

## **MEMORANDUM OPINION**

This civil action is before the Court on Defendant First Century Bank's (the "Bank") Motion to Dismiss or for Summary Judgment. [Doc. 275.] Plaintiffs William and Peggy Gray (the "Grays"), Gregory Houston ("Houston"), and Patricia Nicely ("Nicely") (hereinafter collectively referred to as "the Plaintiffs") have filed a response brief [Doc. 287] and supplemental brief [Doc. 294] in opposition to the Bank's motion. The Bank has filed a supplemental reply brief. [Doc. 295.] The motion is now ripe for determination.

The Court has carefully reviewed the pending motion and responsive pleadings in light of the applicable law. For the reasons set forth herein, the Bank's motion to dismiss or for summary judgment will be granted.

**I.     RELEVANT FACTS**

Due to the complicated and extensive factual background in this case, the Court incorporates its previous factual discussions to provide general background in this case. [Docs. 42, 54, 169, 270.] For the specific claims at issue, there are a unique set of facts as to each plaintiff, so the Court will discuss relevant facts in the analysis for each of the relevant plaintiffs.

**II.    ANALYSIS**

   A.    Standard of Review

      1.    Rule 12(b)(6)

A party may move to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The Sixth Circuit has made it clear that despite the liberal system of notice pleading, conclusory allegations are not enough to survive Rule 12(b)(6) dismissal. *See MacDermid v. Discover Fin. Servs,* 488 F.3d 721, 733 (6th Cir. 2007). The issue is not whether the plaintiff will prevail, but whether the claimant is entitled to offer evidence to support his or her claim. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Consequently, a

complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

    2.    Rule 56(c)

Under Fed. R. Civ. P. 56(c), summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party bears the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* at 249. The judge does not weigh the evidence, judge the credibility of witnesses, nor determine the truth of the matter. *Id.* Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial - whether, in other words,

there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

The Sixth Circuit has held that "under Fed. R. Civ. P. 12(b), before the district court may treat a motion to dismiss as a summary judgment motion, it must give 'all parties . . . reasonable opportunity to present all material made pertinent to' the issue." *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004). In the present case, the Bank notified Plaintiffs that the present motion was a "motion to dismiss or for summary judgment." [Doc. 275.] Furthermore, Plaintiffs responded to the Bank's summary judgment arguments and presented materials outside of the pleadings to support those arguments. [Doc. 287.] Accordingly, the Court may properly treat the Bank's motion as one for summary judgment if there is reliance on materials outside of the pleadings.

B.  William and Peggy Gray

In the [Corrected] Consolidated Amended Complaint [Doc. 193], the Grays allege that the Bank violated the Federal Consumer Protection Act, 15 U.S.C. § 1601 *et seq.,* and the Truth in Lending regulations promulgated thereunder, 12 C.F.R. 226.1 *et seq.* The Grays allege:

> On or about August 9, 2004, representatives of First Century Bank, including Joyce Love, presented to William and Peggy Gray a promissory note and loan agreement for a Loan No. 1021328, which Ms. Love represented would "straighten out" the problems with the mortgage loan on the Gray's house, and would be exactly what their original loan agreement provided. The original loan agreement provided for equal monthly payments for a loan of $48,000.00, to be paid off in 2018. The loan agreement that Ms. Love presented to the Grays provided for monthly payments for five (5) years, then a single balloon payment in excess of $29,000.00 due on August 8, 2009. Ms. Love

4

> misrepresented the purpose and effect of the loan agreement in presenting it to the Grays, and misled the Grays in order to induce them to sign a loan agreement that was materially different from what she represented and what they understood the loan terms to be.

[Doc. 193 at 29-30, ¶ 20(f)(5).] The Grays allege that the misrepresentations of Ms. Love constituted violations of the Federal Consumer Credit Protection Act and Truth in Lending Disclosure Regulations. Thus, they seek rescission of the allegedly misrepresented loan agreement and seek to pay the loan obtained in equal monthly installments.

The Bank contends that the Grays' allegations fail to state a claim for violations of the Federal Consumer Credit Protection Act and Truth in Lending regulations. First, the Bank argues that the Grays' loan is not subject to rescission. Second, the Bank contends that the Grays may not introduce evidence of oral representations that contradict written Truth in Lending disclosures. Third, the Bank contends that there is no basis in law for the Grays to rewrite the loan agreement. [*See* Doc. 276 at 3-5.]

The Grays respond that rescission is an available remedy and that statutory remedies are available even if rescission is not. The Grays further respond that misrepresentations are actionable under the Truth in Lending statute and regulations because the Grays have alleged that they were fraudulently induced to sign the loan documents, which would permit them to introduce evidence of contradictory oral representations. The Grays also newly claim that the Bank failed to disclose its retained security interest in a notice of the right of rescission. They request leave to amend the Complaint if specific allegations are needed. [*See* Doc. 287 at 1-10.]

The Bank replies that the loan at issue did not involve any new money, so it should be considered a refinancing of the Grays' mortgage loan. Thus, pursuant to 15 U.S.C. § 1635(e)(2), the right of rescission does not apply because the statute provides that the right of rescission does not apply to refinancing of a mortgage loan. The Bank also replies that money damages are inappropriate because the Amended Complaint fails to pray for an award of money damages. As for the alleged oral misrepresentations, the Bank maintains that parol evidence of allegedly fraudulent representations may not be introduced if those representations contradict or vary the terms that are plainly expressed in writing. Regarding the failure to disclose security interest claim, the Bank contends that no disclosure was required because no notice is required for a refinancing loan. Additionally, the amended complaint fails to mention the alleged non-disclosure, and there is no excuse for failing to raise the issue at this time. [*See* Doc. 290 at 1-5.]

Regarding the non-disclosure of security interest issue, the Grays' supplemental brief [Doc. 294] contends that the secured interests were based on forged deeds of trust. Though the Bank contends that those deeds of trust were released on April 9, 2007, as of August 2004, the Bank knew that fraudulent deeds of trust had been recorded against the Grays' property, knew that it had not released the deeds of trust, and failed to disclose the existence of the deeds of trust and that the bank retained security interests represented by those deeds of trust. Also, the Bank the release document incorrectly identifies the Grays as the "Graves," so it does not cure the Grays' title problems. [*See* Doc. 294.]

The Bank's reply to the supplemental brief states that any typographical error in the release of the Bank has been resolved. The release was evidently properly indexed and a check of Union County Register's under "Gray" turns up the release. [*See* Doc. 295.]

In this case, the parties dispute whether Loan No. 1021328 should be considered a refinancing. This classification is important because it determines whether rescission is available and whether additional security interest disclosures were required in this case. 15 U.S.C. § 1635(e)(2) expressly exempts "a transaction which constitutes a refinancing or consolidation (with no new advances) of the principal balance then due and any accrued and unpaid finance charges of an existing extension of credit by the same creditor secured by an interest of the same property" from the right of rescission. 12 C.F.R. § 226.23(f)(2) also expressly exempts a "refinancing or consolidation by the same creditor of an extension of credit already secured by the consumer's principal dwelling" from the disclosure requirement of the right of rescission. The regulation also provides that "[t]he right of rescission shall apply, however, to the extent the new amount financed exceeds the unpaid principal balance, any earned unpaid finance charge on the existing debt, and amounts attributed solely to the costs of the refinancing or consolidation." *Id.*

This regulation has been interpreted as allowing a borrower to "rescind the 'new money' portion of certain 'refinancings,' but not the 'old money' portions." *Porter v. Mid-Penn Consumer Discount Co.*, 961 F.2d 1066, 1074 (3d Cir. 1992). The reasoning is that "Congress evidently felt that it would be unfair to lenders if, simply by the expedient of seeking refinancing for the same amount, borrowers could gain the right to cancel the earlier

loan." *Id.* Thus, "[w]hen a 'refinancing' does not involve new money, no disclosure of the (nonexistent) right to rescind is necessary, but where a 'refinancing' does involve new money, lenders must still clearly notify borrowers of their (limited) rescission rights." *Id.* In the present case, the Grays allege that Loan No. 1021328 would "straighten out" a previous loan, and there are no allegations that any "new money" was involved in the transaction. Thus, the Bank is correct that Loan No. 1021328 should be considered a refinancing. Accordingly, the right to rescission and associated rescission disclosure requirements, including security interest disclosures, are inapplicable to the present case.

Second, 12 § C.F.R. 226.5 provides for general disclosures that must be "clearly and conspicuously in writing." In their amended complaint, the Grays do not contend that the Bank failed to make the required written disclosure for Loan No. 1021328. Rather, they claim that the written disclosures in this case were "negated" by Ms. Love's oral representations. They rely on cases, such as *Fisher v. Beneficial Fin. Co. of Hoxsie*, 383 F. Supp. 895, 899-901 (D.R.I. 1974), where a plaintiff was not precluded from presenting evidence that a defendant actually required credit life and health insurance to be purchased as a condition of a loan contrary to the statement signed by the plaintiff in the insurance authorization form.

In moving for dismissal of this claim, the Bank relies on *Anthony v. Cmty. Loan and Inv. Corp.*, 559 F.2d 1363, 1369-70 (5th Cir. 1977) as supporting its position that no extraneous oral evidence is admissible to prove that the lender had said something to contradict the Truth in Lending disclosure. In *Anthony*, the Fifth Circuit held that "absent

8

a claim of illiteracy, fraud or duress, no extraneous oral evidence can be presented by the plaintiff to prove that the defendant gave her the impression that insurance was required." *Id.* at 1369. The Fifth Circuit reasoned that "[c]onsumers should not be encouraged to avoid reading or to ignore the information the Act requires to be provided." *Id.* at 1370. Furthermore, a court could apply the parol evidence rule to such situations and not frustrate the purposes of the Truth in Lending statute and regulations. *Id.*

Though the Grays claim that extraneous oral evidence can be presented in this case due to alleged fraud by Ms. Love, the Bank has presented case law demonstrating that allegedly fraudulent oral statements are not permitted when "the alleged fraudulent statement expressly negated the obligation of a written instrument." *See Lyons v. Farmers Ins. Exch.*, 26 S.W.3d 888, 892 (Tenn. Ct. App. 2000).

In light of the *Anthony* holding, the parol evidence rule, and other relevant law, the Grays cannot maintain their Truth in Lending claim. The present case is one involving allegations of oral statements directly contradicting the written terms of an agreement, as alleged by the Grays in their claims of "negated" written disclosures. Thus, any alleged oral representations could not be offered as evidence to contradict the obligations of the written contract in light of the parol evidence rule.

Furthermore, the Court is not persuaded by the cases relied on by the Grays. For instance, in *Fisher*, 383 F. Supp. at 900, the district court distinguished between the validity of an authorization form and whether an insurance company actually required credit life and health insurance be purchased as a condition of the loan. In that case, evidence of the

lender's conduct was permitted only on the issue of whether credit life and health insurance was actually required, not on the issue of the validity of the authorization. In the present case, the Grays are essentially attacking the validity of the written disclosures, a proposition that a case like *Fisher* does not support. Accordingly, the Grays cannot prevail on any of their Truth in Lending claims, and all of those claim will be dismissed. Furthermore, because these claims are dismissed, it is unnecessary for the Court to address the parties' arguments regarding the appropriate remedies for such claims.

C. Gregory Houston

In the [Corrected] Consolidated Amended Complaint, Houston alleges violations of the Consumer Credit Protection Act and Truth in Lending regulations based on several loan transactions with the Bank. [Doc. 193 at 104, ¶ 109]. First, he alleges that Connie Dyer, a representative of the Bank, failed to explain charges related to his December 19, 2003, loan and that he did not see any statement on the bank documents regarding interest rates or other charges. He alleges that Connie Dyer filled in information on the loan documents after he signed the documents. Second, he alleges that Connie Dyer did not explain additional prepaid finance charges and additional credit life insurance charges on a December 29, 2003, loan. Houston alleges that he signed the loan document without seeing statements concerning prepaid finance charges, additional credit life insurance charges, or the interest rate on the document signed. Third, Houston alleges that a January 6, 2004, loan documents failed to indicate that this loan would be combined with his other loans and that Connie Dyer later filled in other charges after he signed the loan documents. Fourth, Houston alleges that

Connie Dyer did not explain interest rates or finance charges connected with an April 8, 2004 loan. He further alleges that Connie Dyer filled in terms of the loan after the documents were signed. Fifth, Houston alleges that Connie Dyer prepared loan documents for a May 13, 2004, loan and failed to explain or include information in the loan document of information regarding interest rates, prepaid finance charges, or credit life insurance charges. [Doc. 193 at 67-70, ¶¶ 20(s)(3) - 20(s)(8).]

In its motion, the Bank first contends that the allegations fail to state a claim for violation of Truth in Lending laws because the only remedy Houston seeks is rescission. Houston responds that 15 U.S.C. § 1640 provides for money damages in an amount equal to the sum of the actual damages, twice the amount of any finance charge in connection with the transaction, costs, and attorneys' fees. Houston further contends that because his complaint includes allegations of ascertainable losses due to finance charges, credit life insurance premiums, and other financial losses, there are factual allegations supporting a claim for money damages. After reviewing the [Corrected] Consolidated Amended Complaint, the Court finds that Houston has sufficiently alleged money damages. The [Corrected] Consolidated Amended Complaint prays for "judgment be entered in favor of Plaintiffs and against Defendants for the amount of damages to each Plaintiff caused by the Defendants' violation of their statutory and common law duties to Plaintiffs." [Doc. 193 at 104, ¶ 4.] In light of liberal notice pleading requirements and Houston's factual allegations, the Court will not dismiss Houston's claims for failure to allege a viable remedy.

In the alternative, the Bank contends that summary judgment should be granted as to Houston's claims because he has not presented sufficient evidence to support his allegations of Truth in Lending violations. Houston responds that he is illiterate and disabled and that his deposition testimony demonstrates that Connie Dyer did not discuss specific terms of the loan agreement with him.

In his deposition, Houston was asked about the loan transactions at issue, including whether Connie Dyer made the required disclosures. Houston responded with statements of "I don't know," I don't remember," "My memory isn't too good," and "I don't recall. [Doc. 287-6 at 16-24.] The Bank has presented deposition testimony of Teresa Walker that establishes the difficulty of printing, signing, and then adding information to loan documents. [Doc. 276-2 at 57-58.] In her deposition, Connie Dyer denied having Houston sign promissory notes in blank and later filling in the terms. [Doc. 276-3 at 4.] Houston contends that his illiteracy and mental disabilities should preclude summary judgment, and the record does support his contention of illiteracy. [Doc. 287-6 at 3 ("I can read 'the' and 'this.' I can read three- and four-letter words. I can't spell good neither.").]

Under Rule 56(c), summary judgment is proper if there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). To establish a genuine issue of material fact, Houston must point to evidence in the record upon which a reasonable jury could find in his favor. *Anderson*, 477 U.S. at 248. In light of Houston's lack of memory and the lack of any other evidence that Connie Dyer failed to make the necessary disclosures, he has not met his burden under Rule 56(c). Furthermore, though technical compliance with Truth in Lending Act regulations

may not be sufficient in cases involving claims of illiteracy, *USLIFE Credit Corp. v. FTC*, 599 F.2d 1387, 1390 (5th Cir. 1979), this exception does not relieve Houston of the burden to show that evidence in this case creates a genuine issue of material fact at the summary judgment stage. Accordingly, summary judgment will be granted as to Houston's claim.

D. Patricia Nicely

In the [Corrected] Consolidated Amended Complaint, Nicely alleges that Connie Dyer, a representative of the Bank, prepared promissory notes and loan agreements in which Nicely's signature was either forged by Connie Dyer or obtained by the misrepresentation of Connie Dyer as to the terms to be filled in on the document in order to induce Mrs. Nicely to sign the document in blank. [Doc. 193 at 116, ¶¶ 17(f)(2)-17(f)(7), 17(f)(9).] These events allegedly occurred in August of 2001, May of 2002, September of 2002, February of 2003, July of 2003, and December of 2001. [*Id.*] Based on these alleged events, Nicely alleges that the Bank violated the Federal Consumer Credit Protection Act and Truth in Lending regulations. [Doc. 193 at 104, ¶ 109.] More specifically, she alleges:

> First Century Bank, through its representative, Connie Dyer, violated the Federal Consumer Credit Protection Act and the Truth in Lending Regulations thereunder by having bank customers, including . . . Patricia Nicely, sign promissory notes and loan agreements in blank, without revealing the amount financed, the itemization of amount financed, the finance charge, the annual percentage rate, the payment schedule, the total of payments, or the other information required by the Truth in Lending Disclosure Regulations.

[*Id.*]

In moving for dismissal of Nicely's claims, the Bank first argues that the amended complaint contains no allegations of Truth in Lending violations and fails to seek relief for

13

Truth in Lending violations regarding Nicely's loans. Nicely responds that the Paragraph 109 of the [Corrected] Consolidated Amended Complaint, quoted above, specifically alleges Truth in Lending violations as to the loans to Nicely.

Federal Rule of Civil Procedure 8(a) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Thus under the system of notice pleading, a complaint "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (alteration in original) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007)). Paragraph 109 of the [Corrected] Consolidated Amended Complaint] sufficiently alleges Truth in Lending violations in connection with Nicely's loans, so Nicely's claims will not be dismissed on such a basis.

The Bank's second argument is that Nicely's claims are barred by the one year statute of limitations because all the alleged events occurred more than a year prior to the December 15, 2004, filing of the original complaint in this case. Nicely responds that the doctrine of equitable tolling should apply because Dyer concealed the terms of the loans from them and refused to go over the loans with them resulting in fraudulent concealment.

15 U.S.C. § 1640(e) provides that Consumer Credit Protection Act and Truth in Lending regulation violations "may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." However, the statute of limitations period may be equitably tolled in cases involving fraudulent concealment. *Jones v. TransOhio Savings Ass'n*, 747 F.2d 1037, 1043

(6th Cir. 1984). In such cases, "the limitations period runs from the date on which the borrower discovers or had a reasonable opportunity to discover the fraud involving the complained of [Truth in Lending Act] violation." *Id.* Notably, "equitable tolling based on fraudulent concealment is to be narrowly applied since '[s]tatutes of limitation are vital to the welfare of society and are favored in the law.'" *Hill v. United States Dep't of Labor*, 65 F.3d 1331, 1336 (6th Cir. 1995) (alteration in original) (citations omitted).

In the present case, Nicely's claims are barred by the one year statute of limitations period. Though equitable tolling is applicable to certain cases involving Truth in Lending violation claims, the Sixth Circuit has recognized that a plaintiff would be aware of the lack of disclosures on the date "certain bank notes were signed in blank." *Gray v. Home Bank of Tennessee*, No. 94-5817, 1995 WL 35660, at *1 (6th Cir. Jan. 30, 1995). In the [Corrected] Consolidated Amended Complaint, Nicely alleges that the loan agreements at issue were either forged by a representative of the Bank or, in the alternative, that Connie Dyer deceived her into signing blank documents. [Doc. 193 at 116, ¶¶ 17(f)(2)-17(f)(7), 17(f)(9).] If the documents were forged, the Truth in Lending disclosures would be inapplicable. If Nicely signed blank documents, she would have discovered the lack of disclosures at the time she signed the blank bank documents, more than a year prior to the filing of the original complaint in this case. Thus, Nicely cannot prevail on these claims, and they will be dismissed.

## II. Conclusion

For the reasons set forth herein, Defendant First Century Bank's Motion to Dismiss or for Summary Judgment [Doc. 275] will be **GRANTED**.  The claims of Plaintiffs William Gray, Peggy Gray, and Patricia Nicely under the Federal Consumer Credit Protection Act and Truth in Lending regulations promulgated thereunder will be **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 12(b)(6).  Summary judgment will be granted as to the claims of Gregory Houston under the Federal Consumer Protection Act and Truth in Lending regulations promulgated thereunder, and Gregory Houston's claims will be **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 56(c).  As a result, there will be no remaining claims before the Court, and the case will be dismissed.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE